IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
AT ST. LOUIS



James E. Whitehead, individually
and on behalf of all others
similarly situated,

PLAINTIFF,

v.                                    Civil Action No._____

CITY OF ST. LOUIS: St. Louis Board
of Police Commissioners, as a body,
and in their official capacities;
Members comprising the Board of Police
Commissioners; Department of Asset Removal,
its Known and Unknown members,
in their official capacities;

Officer Bobby Garrett
Officer Terrell Robinson
Officer Sergeant Maurice Jackson,
and Known and Unknown defendants in
their officials and individual capacity

DEFENDANTS.

## PRELIMINARY STATEMENT

### I.

1.  This is an action for money damages, and the complaint is
twofold.  In the first instance, it is against the city and its
police officers for money damages.  Plaintiff seeks to redress in
this Court for violations of his First, Fourth, Fifth and
Fourteenth Amendment and that the actions of the defendants while
under the color of law was perpetrated for the purpose of denying
Plaintiff his rights and chilling the exercise by Plaintiff of
certain constitutional rights, in violation of the Eighth and
Fourteenth Amendments to the Constitution of the United States,
in that, the defendants violated his rigths to privacy and
property under the Fourth, Fifth, Ninth and Fourteenth Amendments
to the United States Constitution, and § 1983.  Plaintiff further
seeks damages for abuse of process and false imprisonment.

2.  In the second instance, this action is for declaratory and
injunctive relief and for money damages.  Plaintiff individually
and on behalf of all others similarly situated, seeks to have
this Court declare invalid and to enjoin certain practices and

procedures of the St. Louis Police Department; the defendants, their successors in office, agents and employees and all other persons in active concert with them that participate in the denial of any predeprivation of forfeited property, despite the dictates of due process.  The property that is confiscated by the St. Louis Police Officers, which is forced into involuntary relinquishment when such property is allowed to be turned over to the federal government.  A nexus is created when the practice of receiving a portion of the confiscated currency after a conviction is achieved by the Federal Government without regard to the Fifth and Fourteenth Amendment due process which allows for the unjust enrichment when due process is not afforded.  The United States Currency confiscated by officers of the St. Louis Police Department after criminally charging individuals, later dismissing the criminal charges and in the absence of notice or due process of law required by the Fifth and Fourteenth Amendment of the Constitution of the United States, fails to return the confiscated United States Currency, and that such forfeiture procedure without due process is used by the defendants for the purpose of chilling the exercise, by Plaintiff and the plaintiff class, of certain rights, in violation of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment of the Constitution of the United States.  Plaintiff further challenges these forfeiture procedures on the grounds that they violate his rights of privacy, and property under the Fourth, Fifth, and Ninth Amendments to the United States Constitution.

II.

## JURISDICTION

3.  Jurisdiction is conferred on this Court by 28 U.S.C.A. §§ 1331 and 1343, which provides for original jurisdiction of this Court in all suits authorized by 42 U.S.C.A. § 1983 to redress the deprivation under color of state law by any right, privilege or immunity secured by the Constitution of the United States.

4.  Jurisdiction also rest upon the violation of the Constitution.

5.  Jurisdiction is further conferred on this Court by 28 U.S.C.A. § 1331(a) which provides for original jurisdiction of this Court in all civil cases wherein the matter in controversy exceeds the sum of $10,000.00 and arises under the Constitution, laws or treaties of the United States.

6.  Plaintiff action for damages is authorized by:

(a)  28 U.S.C.A. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure, which relate to declaratory judgments:

(b)  42 U.S.C.A. § 1983 which provides redress for the deprivation under color of state law of rights, privileges and

immunities secured to all citizens and persons within the jurisdiction of the United States by the Constitution and laws of the United States.

7. Moreover, this Court has jurisdiction over the state law claims under 28 U.S.C. § 1367.

### III.

8. Plaintiff, James E. Whitehead, at the time of the deprivation a citizen of the State of Missouri, City of St. Louis. On May 25, 2006, he was seized by the defendant officers placed in handcuffed, $4000.00 taken from his pocket, and held hostage, while his vehicle was hijacked. The seizure of his person and property was without probable cause, exigent circumstances or arrest warrant, and Plaintiff suffers irreparable harm.

### IV.

### DEFENDANTS

9. City of St. Louis; St. Louis Board of Police Commissioners, as a body, and in their official capacities; known and unknown members comprising the Board of Commissioners; Officer Bobby Garrett, Officer Sergeant Jackson, Officer Robinson and the Department of Asset Removal. The responsibility to supervise and manage the municipality police officer(s) is the responsibility of the known and unknown officials.

10. Defendant Garrett, Robinson and Sergeant Jackson were officers of the St. Louis Police Department. Upon information and belief, the officers was sworn to uphold the law and functioning under the color of law.

### V.

### FACTUAL ALLEGATIONS

11. On the evening of May 25, 2006, at approximately 6:30 p.m., the Plaintiff was ordered from his legally parked vehicle, pat searched by Officer Garrett who then took $4000 from Plaintiff's pants pocket. When questioned by the Plaintiff of why he was taking his money, Officer Garrett then placed handcuffs on the Plaintiff. After being questioned, the Plaintiff then asked the Officer(s) could he leave if he was not under arrest and have his property back. Officer Garrett never gave Plaintiff any advance oral or written notice concerning why he was handcuffed. When asked, again Officer Garrett refused to answer when asked by the Plaintiff was there an arrest warrant and what was the charge(s), he then took the Plaintiff's vehicle keys, while Officer Robinson remained silent and fail to protect the rights of the Plaintiff. At this point, Officer Garrett then gave the Plaintiff's vehicle keys to Officer Robinson who immediately drove away without permission from the Plaintiff that his vehicle could be used for

3

any purpose.

12.   Officer Garrett then placed the Plaintiff in the unmarked
police vehicle.  While leaving the scene Officer Garrett then
began to question the Plaintiff about his other residence.
Plaintiff insisted that he be taken to the police station if he
was under arrest.  Officer Garrett while being followed by
Plaintiff's mother and sister, instead drove the Plaintiff to his
residence.    Upon arriving at Plaintiff's residence, Officer
Robinson had driven the Plaintiff's vehicle and parked it there.
On the scene, an Officer Sergeant Jackson was noticed.

13. The Plaintiff was taken from the unmarked police vehicle and
escorted to the front door of the residence.  At this time
Officer Robinson was trying with the keys that was initially
taken to gain entry to the residence, to no avail.  At this time,
Officer Garrett informed the plaintiff that he needed to gain a
peaceful entry to avoid disturbing the neighbors.  Plaintiff did
ask the Officer(s) was there a warrant, when Officer Garrett
responded yes, but never displayed the warrant to the Plaintiff.
The Plaintiff related to the Officers that the keys to gain entry
to the residence was in his pocket, immediately the keys were
taken and entry made.

14.   Having been forcibly detained and his property taken prior
to arriving at the residence, the Plaintiff was then told that a
warrant was to be executed at his residence.

15.   The Plaintiff was seated in his residence for approximately
3¾ hours while the officers searched his residence, pursuant to
an alleged valid warrant that the Plaintiff never received on the
scene, but did receive the next day after being arrested for
alleged narcotics found in the residence.  The Plaintiff then
learned after his arrest premised on the searched warrant that
$1800 was also confiscated during the search.  However, the $2200
was the difference taken from the Plaintiff $4000 taken from the
Plaintiff pocket initially, but the $1800 was alleged to have
been found during the search warrant pursuant to a lawful
process.  However, while the search was being conducted, Officer
Garrett emerged from the Plaintiff bedroom with two bundles of
cash totalling $40,000.00 placing it in his pocket while at the
same time smiling asking the Plaintiff was he sure nothing was in
the residence.  The $40,000.00 was never inventoried as part of
the alleged illegal narcotics found pursuant to the search
warrant.  Upon leaving the residence, Officer Garrett dropped a
metal box that opened when it hit the ground exposing the two
bundles of United States Currency totaling $40,000.00, that was
taking from Plaintiff's bedroom closet of the searched residence.

16.   Plaintiff was eventually charged with possession with intent
(crack cocaine).  The charges were later dropped by the State,
but the process of returning the alleged discovered $1800 was not
returned according to the forfeiture procedures of the State once
the charges were dropped.  Instead, the case was later taken by

the Federal Government and the $1800 was apart of its process of forfeiture. Moreover, according to the State Legislature, no state or local law enforcement agency may transfer any property seized by the state or local agency to any federal agency for forfeiture under federal law until the prosecuting attorney and the circuit judge of the county in which the property was seized first review the seizure and approve the transfer to a federal agency.

17. Officer Garrett would eventually be arrested by the Federal Government for the same conduct alleged before the legal process of executing the warrant at Plaintiff's residence, in which he took money and planted narcotics. The accounts of Officer Garrett's actions was made known to the Federal Public Offender who later acknowledged this fact in writing after Officer Garrett was arrested. Because the Plaintiff has not overturned his conviction and any challenge to the $40,000.00 taken during the alleged legal process pursuant to the alleged searched warrant and the Plaintiff pleading guilty on advice of the Federal Public Defender, along with legal precedent that will block any claim to the $40,000.00, Plaintiff does not include the taking of the $40,000.00 as that done prior to the legal process alleged in the search warrant that appears to be the grounds for his arrest at the residence when Officer Garrett and his cohorts alleged they found narcotics during the search. Plaintiff simply challenges the actions of violating his rights prior to any legal process.

VI.

## FIRST CAUSE OF ACTION

18. Without violating any law the Plaintiff was denied his liberty, privacy and property under the color of state law in violation of the procedural safeguards Constitutionally required to protect the substantial interests of the Plaintiff and is violative of the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

## SECOND CAUSE OF ACTION

19. Taking a citizen without probable cause or exigent circumstances, placing them in handcuff for no apparent reason other than to take their money and deny them liberty while clothed under the color of state law violates rights guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and chills the assertion of these rights by all other citizens within the City of St. Louis confronted by its rouge and lawless officer(s).

## THIRD CAUSE OF ACTION

20. Under the color of state law the municipal police (defendants) did follow its policy of confiscating United States Currency from the Plaintiff after being charged with an offense

that was later dropped and the municipality without providing due process kept Plaintiff's $1800 in violation of the Fourteenth Amendment. The widespread practice of the defendant Officers in going throughout the City of St. Louis without supervision by the known and unknown officials of the St. Louis Police Department allowed the practice of seizing the property from the Plaintiff without ever providing the Plaintiff with due process to have the seized property (U.S.C.) returned were the charges were dropped.

## FOURTH CAUSE OF ACTION

21. Under the State Law that governs the seizure and forfeiture practiced by the defendants was approved by its authorized decision makers, in violation of the Fourth Amendment. This practice of taking money was a moving force behind the constitutional violations, in that the Defendant Officers action was also a tacit authorization by the known and unknown officials despite numerous complaints that the officer(s) was seizing money illegally and then due process was being denied when the charges were dropped as in Plaintiff case and those similarly situated knowing that the seized U.S.C. would never be returned based on the forfeiture practice by the defendants.

## FIFTH CAUSE OF ACTION

22. In violation of due process, Plaintiff's property was transferred after being seized and then turned over to the federal agency that did prosecute Plaintiff after the State dropped its charges. Under the federal jurisdiction prosecution, Plaintiff's seized property was turned over to the federal government. The known and unknown officials without first having the seizure reviewed by a circuit judge before it could be turned over to the federal jurisdiction for forfeiture with its prosecution of the Plaintiff did deny Plaintiff his due process that required the known and unknown officials that dropped its prosecution of the Plaintiff to first have the seizure reviewed by a Circuit Judge of its jurisdiction/sovereignty under Criminal Activity Forfeiture Act, the Legislature enacted § 513.647.

## SIXTH CAUSE OF ACTION

23. Officer Garrett made use of the legal process against Plaintiff primarily to accomplish a purpose for which the process was not designed. Officer Garrett actions of depriving the Plaintiff of his right to privacy and property was caused by an abuse of process. This abuse of process by Officer Garrett did accomplish his goal in taking the Plaintiff 4000,00, initially and then offering for forfeiture the difference of $1800 for seizure, while he illegally deprived the Plaintiff of the $2200. In carrying out to achieve his actions through the use of the court that which the court itself was powerless to order premised on Officer Garrett's actions, where Officer Garrett's action was without legal justification as applied to the taking of the Plaintiff's $4000.00.

## SEVENTH CAUSE OF ACTION

24. Officer Garrett's maliciously and wrongful causing of process to issue in the subsequent proceeding was an act of its abuse. Officer Garrett did involve the criminal forfeiture process and then maliciously make use of the civil/judicial procedure to keep Plaintiff illegally taken U.S.C.

## EIGHT CAUSE OF ACTION

25. Officer Garrett did unlawfully restrain the physical liberty of the Plaintiff through an extrajudicial act that did not amount to legal process when he forcefully denied the liberty and privacy of the Plaintiff when he opened the vehicle door and ordered the Plaintiff out from his vehicle, then handcuffed Plaintiff which was an act of false imprisonment, as the Plaintiff was subject to Officer Garrett's control and not free to leave or get his property returned.

## NINTH CAUSE OF ACTION

26. Officer Garrett, Officer Robinson and Officer Jackson equally participated and are responsible for the false imprisonment of the Plaintiff as they united in the wrongful act constituting the false imprisonment.

## VII

## PRAYER FOR RELIEF

Plaintiff and members of the plaintiff class are suffering irreparable injury and are threatened with continuing future injury by reason of the acts complained of herein, and have no adequate remedy at law.

WHEREFORE, plaintiff demands on behalf of himself a trial by jury pursuant to the Seventh Amendment, and as recognized in Rule 38 of the Federal Rules of Civil Procedures, and all others similarly situated, that this Honorable Court:

1. Determine by Order, pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure that this action be maintained as a class action;

2. Enter a declaratory judgment pursuant to 28 U.S.C.A § 2201, declaring the Criminal Activity Forfeiture Act § 513.647, as it was not applied to the Plaintiff, by those known and unknown officials to have violated the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States;

3. Issue preliminary and permanent injunctions against the defendants, their successors in office, agents and employees and

7

all other persons in active concert with them, enjoining the transfer of any seized property (U.S.C.) to any federal agency for forfeiture under federal law until the prosecuting attorney and the circuit judge of the county in which the property was seized first review the seizure and approve the transfer to a federal agency.

4.   Order Defendant's to return Plaintiff's $1800.00, forthwith.

5.   Award Plaintiff Whitehead damages in the amount of $100,000.00 to compensate him for the loss of personal property, and the emotional and physical harm which he has suffered.

6.   Award Plaintiff Whitehead punitive damages in the amount of $100,000.00 in order to deter Defendants from, in the future, punishing persons for engaging in Constitutionally protected activities.

7   Award Plaintiff WhiteHead $10,000,000.00, for the constitutional violations.

8.   Award Plaintiff Whitehead, $100,000.00, for the abuse of process.

9   Award Plaintiff Whitehead, $100,000.00 for false imprisonment.

10.   That Plaintiff be awarded $1,000,000.00, in damages from Officer Garrett, separately and individually.

11.   That Plaintiff be awarded $1,000,000.00, in damages, from Officer Jackson, separately and individually.

12.   That Plaintiff be awarded $1,000,000.00, in damages, from Officer Robinson, seperately and individually.

13.   Order the defendants to pay plaintiff fees and costs herein and for such relief this court deems fair and just.

Respectfully submitted,

James E. White 33422-044
James E. Whitehead#33422-044
P.O. BOX 2000
FPC MILLINGTON
MILLINGTON, TN   38083

CERTIFICATE OF SERVICE

I, certify that a true and accurate copy of the foreging "Civil Action/COMPLAINT w/Application to Proceed in Forma Paupris - Inmate Printout Trust Account" was placed in this institutions mail box on this _19_ day of _Mar_, 2009, prepaid postage

8

affixed, certified return receipt addressed to the Clerk of
Court, Eastern District of Missouri. 28 U.S.C. § 1746

James E. Whitehead#33422-044