UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES E. WHITEHEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV483 CDP |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of James Whitehead (registration no. 33422-044), an inmate at FPC Millington, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $61.68. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $308.38, and an average monthly balance of $18.44. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $61.68, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the City of St. Louis, the St. Louis Board of Police Commissioners, Members Comprising the Board of Police Commissioners, the Department of Asset Removal and its Known and Unknown Members, Bobby Garrett (police officer, City of St. Louis), Terrell Robinson (same), Maurice Jackson (same), and several Known and Unknown Defendants. The complaint seeks declaratory, injunctive, and monetary relief.

Plaintiff claims that on May 25, 2006, defendant Garrett ordered plaintiff from his car, searched him, took $4,000 cash from his pockets, and handcuffed him.

Plaintiff states that Robinson was present with Garrett at the time. Plaintiff says that Garrett then gave plaintiff's car keys to Robinson, who drove plaintiff's car to plaintiff's home. Plaintiff says he saw defendant Jackson at the scene.

Plaintiff alleges that Garrett then took plaintiff to plaintiff's home and ordered plaintiff to open the door. Plaintiff claims that Garrett told plaintiff there was a warrant to search plaintiff's home but that Garrett never produced the warrant. Plaintiff says Garrett threatened to make forceful entry into the home, so plaintiff gave Garrett his house key.

Plaintiff claims that "the officers" searched his house for over three hours. Plaintiff alleges that Garrett removed $40,000 from plaintiff's bedroom; plaintiff further alleges that Garrett never reported that he took the $40,000. Plaintiff maintains that Garrett reported that he took a total of $1,800 from plaintiff and that the $1,800 came from the search of the residence.[1]

Plaintiff claims that as a result of his false arrest by Garrett, he was charged with possession with intent to distribute crack cocaine. Plaintiff alleges that those charges were later dropped by the State. Plaintiff says that his money has not been

---

[1] The Court notes that plaintiff made similar allegations in a criminal action brought against him by the United States stemming from his arrest on May 25, 2006, United States v. Whitehead, 4:06CR565 HEA (E.D. Mo.). In that case, plaintiff filed two motions for return of property, which were both denied by the Court.

returned to him. Plaintiff states he is not suing for return of the $40,000, but is only suing for return of the $1,800 plus damages resulting from his false arrest.

## Discussion

The complaint survives initial review as to defendant Garrett. As a result, the Court will order Garrett to respond to the allegations in the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Robinson, Jackson, the Members of the Police Board, the Known and Unknown Members of the Department of Asset Removal, or the other unknown defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Although plaintiff states that defendants Jackson and Robinson were present when Garrett arrested him, he does not allege any facts that show they were involved in the arrest. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

To state a claim against a municipality, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of the City of St. Louis was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to this defendant.

The complaint is legally frivolous as to the St. Louis Board of Police Commissioners and the Department of Asset Removal because they are not suable entities. Edwards v. Baer, 863 F.2d 606, 609 (8th Cir. 1988); Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $61.68 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant Bobby Garrett.[2]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Garrett shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants City of St. Louis, the St. Louis Board of Police Commissioners, Members Comprising the Board of Police Commissioners, the Department of Asset Removal and its Known and Unknown Members, Terrell Robinson, Maurice Jackson, and several Known and Unknown Defendants because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

---

[2] At all times relevant to the complaint, Bobby Garrett was employed by the St. Louis Metropolitan Police Department.

**IT IS FURTHER ORDERED** that plaintiff's motion to correct the docket [Doc. #5] is **GRANTED**. The Clerk shall modify the docket to reflect that plaintiff has made a jury demand.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of June, 2009.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE