UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JAMES E. WHITEHEAD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:09CV483 CDP |
| CITY OF ST. LOUIS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff James Whitehead brings this *pro se* action under 42 U.S.C. § 1983, alleging that defendant Bobby Lee Garrett, a former City of St. Louis police officer, unlawfully arrested him, searched him and his home, and took his property. Garrett moves *pro se* for a more definite statement under Fed. R. Civ. P. 12(e). He also moves to dismiss the abuse of process and declaratory judgment claims for failure to state a claim under Rule 12(b)(6). Because Whitehead's complaint contains enough detail to give Garett notice of the claims against him, I will not order Whitehead to make more definite statement. Additionally, I will deny the motion to dismiss Whitehead's claim for abuse of process because the complaint contains sufficient allegations to state a claim for that tort. The claims for declaratory relief, however, are moot, so I will dismiss them.

## Background

In his complaint, plaintiff James Whitehead alleges that on May 25, 2006, defendant Bobby Lee Garrett ordered him from his car, searched him, took $4000.00 cash from his pockets, and handcuffed him. Garrett allegedly gave Whitehead's car keys to another City of St. Louis police officer, who drove the car to Whitehead's home, while Garrett drove Whitehead to his home in Garrett's car. Whitehead claims that Garrett ordered him to open the door to his home because Garrett had a warrant to search his home, but Garrett never produced the warrant. When Whitehead resisted Garrett's efforts to enter his home, Garrett allegedly threatened to make forceful entry, so Whitehead gave Garrett his house key.

Once inside, Whitehead claims, Garrett and other officers searched his home for over three hours and removed $40,000.00 from his bedroom. According to Whitehead, Garrett never reported that he took the $40,000.00, but instead he reported that $1800.00 came from the search of Whitehead's home. Whitehead was charged with possession with intent to distribute crack cocaine, although those charges were later dropped by the State. Additionally, Whitehead maintains that his money has never been returned to him.

Whitehead brought this action *pro se* under 42 U.S.C. § 1983 on March 24, 2009, naming eight defendants. On June 11, 2009, I dismissed all defendants except Garrett and ordered process to be issued on Garrett. Garrett responded to

Whitehead's complaint by filing this motion for a more definite statement and to dismiss. In opposition to this motion, Whitehead filed his own motion to dismiss Garrett's motion, which I will construe as a response brief in opposition.

**Discussion**

*A More Definite Statement Is Not Required Under Rule 12(e)*

Garrett moves first for a more definite statement, contending that Whitehead's complaint is so vague and ambiguous that he cannot reasonably prepare a response. Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "A motion under Rule 12(e) is designed to strike at unintelligibility in a pleading rather than want of detail." *Patterson v. ABS Consulting, Inc.*, No. 4:08CV697 RWS, 2009 WL 248683, at *2 (E.D. Mo. Feb. 2, 2009). Because of "liberal notice pleading and the availability of extensive discovery, motions for a more definite statement are universally disfavored." *Tinder v. Lewis County Nursing Home Dist.*, 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001) (collecting cases). Specifically, Fed. R. Civ. P. 8(a)(1) requires a complaint to contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." This notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of

unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). When, however, a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite under Rule 12(e) before responding." *Id.* at 514.

After reviewing the complaint in light of the relevant standards, I cannot grant the motion for a more definite statement. Whitehead's complaint meets the federal notice pleading requirements of Rule 8 and gives Garrett fair notice of Whitehead's claims so that he may respond to the allegations against him. In particular, the complaint alerts Garrett to the relevant facts giving rise to Whitehead's claims – Garrett's allegedly unlawful search and seizure of Whitehead and his property on May 25, 2006. Based on this information, Garrett should be able to create a responsive pleading. Rule 12(e) requires no more. *See* Fed. R. Civ. P. 12(e); *Tinder*, 207 F. Supp. 2d at 953, 959-60 (denying motion for more definite statement when complaint alleged that plaintiffs' decedent died while under defendants' care).

*Whitehead States a Claim for Abuse of Process, But His Claims for Declaratory Relief Are Moot*

Garrett moves to dismiss Whitehead's claim for abuse of process and any claims for declaratory relief asserted against him for failure to state a claim under Fed. R. Civ. P. Rule 12(b)(6). After reviewing his complaint, I conclude that

Whitehead has stated a claim for abuse of process, but his claim for declaratory relief is moot.

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume all faction allegations of the complaint are true and must construe those allegations in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "The motion will succeed or fail based upon the allegations contained in the face of the complaint." *McAuley v. Federal Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007). To survive a motion to dismiss, the complaint must contain factual allegations that are more than "labels and conclusions, and a formulaic recitation of the events of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As previously mentioned, Garrett contends that Whitehead's sixth cause of action, abuse of process, should be dismissed for failing to state a claim. Under Missouri law, the elements of an abuse of process claim are: (1) the present defendant made an illegal, improper, perverted use of process that was neither warranted nor authorized by the process; (2) the defendant had an illegal purpose in so doing; and (3) damage resulted. *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. 1990) (en banc); *Crow v. Crawford & Co.*, 259 S.W.3d 104, 116 (Mo. Ct. App. 2008). Moreover, a plaintiff states a claim for abuse of process if she alleges that a defendant conducted an illegal search and seizure of her property. *Cf.*

*Washington v. Drug Enforcement Admin.*, 183 F.3d 868, 874-875 (Mo. Ct. App. 1999) (insufficient evidence to support an abuse of process claim based on an unlawful search and seizure when plaintiff failed to adduce evidence at trial of DEA agents' improper purpose in obtaining a warrant to search plaintiffs' home).

In his complaint, Whitehead alleges that Garrett "made use of legal process against [Whitehead] primarily to accomplish a purpose for which the process was not designed." More specifically, Whitehead alleges that Garrett (1) deprived Whitehead of his right to privacy and property by placing him in handcuffs and entering his home without displaying a warrant, (2) unlawfully seized $4000.00[1] from him, and (3) illegally deprived him of $2200.00 by offering for forfeiture only $1800.00 of the $4000.00 that was seized. Although perhaps inartfully pleaded, Whitehead's complaint is sufficient to state a claim for abuse of process under Missouri law. *See* Fed. R. Civ. P. 12(b)(6); *cf. Washington*, 183 F.3d at 874-75. In particular, Whitehead alleges that Garrett unlawfully used a process – a forfeiture proceeding – to get Whitehead's property without justification to do so. Accordingly, I will not dismiss Whitehead's sixth cause of action.

Finally, Garrett contends that any claims Whitehead asserts for declaratory relief should be dismissed as to him because Whitehead has an adequate remedy at

---

[1] In this abuse-of-process claim, Whitehead is specifically referring to the $4000.00 he claims Garrett unlawfully seized from his pants pocket, not the $40,000.00 he alleges Garrett unlawfully seized from his residence.

law for damages. In his complaint, Whitehead asserts claims against Garrett in his official and individual capacity, *see Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007), seeking declaratory, injunctive, and monetary relief. Specifically, Whitehead requests this court to enter "a declaratory judgment pursuant to 28 U.S.C.A. § 2201, declaring the Criminal Activity Forfeiture Act § 513.647, as it was not applied to the Plaintiff, by those known and unknown officials to have violated the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States . . . "

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(2006). The Supreme Court has noted that the Declaratory Judgment Act acts as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). Accordingly, "a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close." *Id.* at 288.

Before declaring "the rights and other legal relations of any interested party seeking such declaration" under the Declaratory Judgment Act, a district court must determine whether there is a actual controversy between the parties. *See* 28 U.S.C. § 2201. To determine whether there is an actual controversy, a district court must consider whether "there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *Caldwell v. Gurley Ref. Co.*, 755 F.2d 645, 649 (8th Cir. 1985). If there is no such immediate controversy, a claim for declaratory relief is moot and must be dismissed. *See Maryland*, 312 U.S. at 273; *see also Vorbeck v. Schnicker*, 660 F.2d 1260, 1264-67 (8th Cir. 1981) (affirming dismissal of declaratory judgment action when allegedly unconstitutional regulations were not being enforced against plaintiffs); *cf. Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009) (plaintiff's claims for declaratory and injunctive relief against prison and prison officials are moot when prisoner is no longer incarcerated in that facility). In this case, Whitehead is incarcerated at a federal facility, and is no longer subject to any allegedly unconstitutional forfeiture actions by Garrett acting as a City of St. Louis police officer. Garrett is no longer a police officer, and has himself recently been sentenced to federal prison. *See United States v. Bobby Garrett*, Case No. 4:08CR703 ERW. Accordingly, his

claims for declaratory relief are moot, and I will dismiss them. *Cf. Gladson*, 551 F.3d at 835.[2]

Accordingly,

**IT IS HEREBY ORDERED** that defendant Garrett's motion for a more definite statement and to dismiss [#20] is granted in part and denied in part to the extent that Garrett's motion for a more definite statement and to dismiss Whitehead's abuse-of-process claim is denied, while his motion to dismiss Whitehead's claims for declaratory relief is granted.

**IT IS FURTHER ORDERED** that plaintiff Whitehead's motion to dismiss Garrett's motion [#22] is denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of November, 2009.

---

[2] Whitehead may continue to seek monetary relief from Garrett for any past constitutional violations by Garrett. *See generally Carey v. Piphus*, 435 U.S. 247 (1978).