UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES WHITEHEAD, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:09CV483 CDP |
| BOBBY LEE GARRETT, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before me on the motion of defendant Bobby Lee Garrett to dismiss this case under Rule 41(b), Fed. R. Civ. P., because of plaintiff James Whitehead's failure to respond to discovery requests, and on Whitehead's motion to extend the discovery deadline and trial. I conclude that dismissal for failure to prosecute or respond to discovery is not appropriate, and so I will deny that motion. I held a telephone conference with both counsel regarding the scheduling motion, and I conclude that extending the deadlines again is appropriate and in the interests of justice.

## Background

This case has been complicated from the beginning because it was brought by one federal prisoner, James Whitehead, against another federal prisoner, Bobby Lee Garrett, who is a former police officer. Whitehead was convicted of a drug offense, and he alleges that Garrett stole money from him during the arrest that

lead to that conviction. Garrett is serving time for, among other things, stealing drug money from other people he arrested while he was a police officer. The case was delayed initially because it was difficult to serve Garrett in prison. For a time, both parties were proceeding *pro se*. Garrett filed a motion to dismiss and an answer on his own behalf, and I entered a case management order. After those things happened, attorneys from the Missouri Attorney General's Office entered their appearances for Garrett. After some further delays, caused in part by Whitehead's failure to notify the court when his address was changed, I appointed counsel for Whitehead.

Whitehead is now out of prison, and although he had not kept in contact with his appointed counsel for a while, he is now available to fully participate in the case. Garrett is still in prison, but I believe he is nearing release, at least to a half-way house or home confinement in the St. Louis area. Both parties and their counsel are now available to fully participate in the case.

Garrett's second (and pending) motion to dismiss for failure to prosecute was filed during the time that Whitehead was not communicating with his counsel and was not providing discovery as required by court order. Whitehead has now provided discovery responses, although Garrett argues that they are incomplete.

## Motion to Dismiss

"A district court may, in its discretion, dismiss an action pursuant to Fed. R. Civ. P. 41(b) if 'the plaintiff fails to prosecute or to comply with [the Federal Rules or] a court order.'" *Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008) (quoting Fed. R. Civ. P. 41(b)). However, dismissal of an action with prejudice is "an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Id.* at 405 (quoting *Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984)).

Having reviewed the record before me, I conclude that dismissing this action would be too extreme a sanction for Whitehead's failure to respond to Garrett's discovery requests. Even if I construe Whitehead's late and allegedly incomplete responses to the discovery requests as his disobedience of the Amended Case Management Order, I cannot conclude that Whitehead's conduct was so willful or egregious to warrant dismissal of his case. *Cf. Rodgers v. The Curators of the Univ. of Mo.*, 135 F.3d 1216, 1218 (8th Cir. 1998) (affirming dismissal with prejudice of plaintiff's complaint when plaintiff failed to appear at two court-ordered depositions, disregarded court orders to produce documents, and violated a court order prohibiting him from terminating his counsel). Instead, Whitehead is a federal prisoner who proceeded *pro se* for most of this case, and

his appointed counsel has attempted to comply with discovery requests despite his client being incarcerated in another state. Under all the circumstances, dismissal would not be in the interests of justice.

### **Scheduling**

Because it appears that both parties will soon be available for depositions or other discovery, I believe it is in the interests of justice to extend some of the case management deadlines. Garrett has recently filed a motion for judgment on the pleadings (a motion that could have been filed at any time during the last two years), and Whitehead's response to that motion is due on **August 25, 2011**. That deadline is not being extended by this order.

I will, however, extend the deadlines for the completion of all discovery , for filing motions for summary judgment, and for trial. I do this based in part on my understanding that Garrett will be back in the St. Louis area in the next few months. If for some reason this does not happen by the end of the year, defense counsel must file a status report telling the Court where he is and when he is expected to return.

For these reasons,

**IT IS HEREBY ORDERED** that defendant Garrett's motion to dismiss [#52] is denied.

**IT IS FURTHER ORDERED** that Whitehead's motion to continue trial and extend deadlines [#58] is granted, as follows:

1. All discovery in this case must be concluded by **February 3, 2012.**

2. All motions for summary judgment must be filed by **February 6, 2012.**

3. The case is removed from the January 24, 2012 trial docket and is reset for jury trial on the two-week docket beginning **May 7, 2012 at 8:30 a.m.** The parties' pretrial submissions are now due twenty days before the new trial setting.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of August, 2011.