UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES WHITEHEAD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:09CV483 CDP |
| BOBBY LEE GARRETT, | ) ) ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff James Whitehead brings this action under 42 U.S.C. § 1983, alleging that defendant Bobby Lee Garrett, a former City of St. Louis police officer, unlawfully arrested him, searched him and his home, and took his property. Pending before me are motions from both parties. Garrett moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Whitehead moves to amend his complaint to increase the amount of damages pled, to join additional defendants, and to set aside my previous order dismissing certain defendants.

I conclude that all of Whitehead's federal claims are barred by his guilty plea and conviction, or are brought against previously dismissed defendants. His remaining claims depend solely on a determination of state law. I will therefore grant Garrett's motion for judgment on the pleadings. Whitehead's proposed

amendments are untimely and fail to cure the defects in his complaint, and he does not provide adequate grounds for joining additional defendants or setting aside my previous order. I will therefore deny Whitehead's motion in its entirety.

**Background**

In his complaint, plaintiff James Whitehead alleges that on May 25, 2006, defendant Bobby Lee Garrett ordered him from his car, searched him, took $4000 cash from his pockets, and handcuffed him. Garrett allegedly gave Whitehead's car keys to another City of St. Louis police officer, who drove the car to Whitehead's home, while Garrett drove Whitehead to his home in Garrett's car. Whitehead claims that Garrett ordered him to open the door to his home because Garrett had a warrant to search his home, but Garrett never produced the warrant. When Whitehead resisted Garrett's efforts to enter his home, Garrett allegedly threatened to make forceful entry, so Whitehead gave Garrett his house key.

Once inside, Whitehead claims, Garrett and other officers searched his home for over three hours and removed $40,000 from his bedroom. According to Whitehead, Garrett never reported that he took the $40,000 from Whitehead's home, nor the $4000 taken from Whitehead's pocket. Instead, Garrett reported that he took only $1800 total, and that it came from the lawful search of Whitehead's home. Whitehead was ultimately charged in this court with possession with intent to distribute crack cocaine. Case No. 4:06CR656 HEA. On

December 7, 2006, Whitehead signed a plea agreement which stated in part, "The defendant agrees to forfeit all of the defendant's interest in all items seized by law-enforcement officials during the course of their investigation and will not contest the forfeiture to law enforcement of such items." Docket No. 57-3, at 5.

Whitehead brought the present action *pro se* under 42 U.S.C. § 1983 on March 24, 2009, naming eight defendants. Among the defendants listed, in addition to Garrett, were the "St. Louis Board of Police Commissioners, as a body and in their official capacities; Members comprising the Board of Police Commissioners," and officers Terrell Robinson and Maurice Jackson, who were both present at Whitehead's arrest.

On June 11, 2009, I dismissed all defendants except Garrett. On November 24, 2009, I dismissed Whitehead's claims for declaratory relief, but declined to dismiss Whitehead's abuse-of-process claim. In that order, I noted that Whitehead's abuse-of-process claim related specifically to the $4000 Garrett seized from Whitehead's pants pocket, and not the $40,000 allegedly seized from his residence. On July 23, 2010, I granted Whitehead's motion for appointment of counsel and appointed Michael J. Sewell to represent Whitehead in this matter. In light of that appointment, I amended the case management order in September of 2010, setting a December 17, 2010 deadline for joinder of additional parties and amendment of pleadings.

On July 25, 2011, Garrett filed a motion for judgment on the pleadings under Rule 12(c). On October 5, 2011, Whitehead filed a motion seeking leave to amend his complaint to increase the amount of damages to the $40,000 allegedly taken from his home, to set aside my previous order dismissing officers Robinson and Jackson, and to join Chris Goodson and Julius Hunter, two individual members of the St. Louis Board of Police Commissioners.

## Discussion

**I. Defendant's Motion for Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a motion for judgment on the pleadings, this Court will "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004). This is a strict standard, as "[j]udgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any and All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

*A. Constitutional Claims*

Counts 1 and 2 of plaintiff's complaint allege that Garrett arrested Whitehead without probable cause, conducted a warrantless search and seizure, and unlawfully took and kept Whitehead's property. Although these counts cite multiple constitutional violations, they are clearly within the bounds of the fourth and fifth amendments and are properly guided by these amendments alone. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion).

Whitehead's claim for arrest without probable clause is foreclosed by his guilty plea. *Williams v. Schario*, 93 F.3d 527, 528-29 (8th Cir. 1996). Furthermore, both the arrest without probable cause and warrantless search and seizure claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). A prisoner cannot seek damages in a § 1983 suit that would "necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. "Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489.

Whitehead was convicted for possession of and intent to distribute crack cocaine. His complaint alleges there was no probable cause for the underlying arrest, that the search and seizure leading to the arrest were unlawful, and that the evidence was planted against him. As alleged, these charges necessarily call into question the validity of Whitehead's conviction. Whitehead has provided no


evidence to the contrary. *See Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000) (citing *Heck*, 512 U.S. at 487 n. 7 (holding that a successful § 1983 action would not necessarily imply that the plaintiff's conviction was unlawful if the conviction could be upheld by the doctrines of independent source, inevitable discovery, or harmless error)).

Whitehead also argues that *Heck* should not apply because he has been released from prison and can no longer challenge his conviction through habeas corpus. First, although he has been released, Whitehead is still under supervised release and thus "in custody" as concerns habeas corpus. *Barks v. Armontrout*, 874 F.2d 237, 238 (8th Cir. 1989) (citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)). Even if habeas relief were no longer available to Whitehead, the Eighth Circuit has held that the *Heck* doctrine would still apply. *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007). All of Whitehead's fourth amendment claims are thus barred.

Whitehead's § 1983 claim for an alleged fifth amendment taking without just compensation is also barred. A forfeiture is "an exercise of the government's police power, not its eminent domain power," and thus not subject to the fifth amendment's takings clause. *U.S. v. $7,990.00 in U.S. Currency*, 170 F.3d 843, 845 (8th Cir. 1999). Furthermore, in his plea agreement Whitehead agreed that he would "forfeit all of [his] interest in all items seized by law-enforcement officials

during the course of their investigation and will not contest the forfeiture to law enforcement of such items." Docket No. 57-3, at 5. Any challenge to the taking of his property is barred by the plain language of the plea agreement.

I will therefore grant Garrett's motion for judgment on the pleadings with regard to Counts 1 and 2.

### B. Remaining Federal Claims

Count 3 alleges that certain officers within the St. Louis Metropolitan Police Department failed to properly supervise Garrett. Count 4 alleges that Garrett's supervising officers had authorized or were complicit in his illegal actions. Count 5 alleges that certain officers did not follow proper procedures in transferring possession of Whitehead's seized property to federal prosecutors. These three counts can only be directed at parties that have already been dismissed from this case. Since these counts cannot be brought against Garrett, the only remaining defendant, I will grant Garrett's motion for judgment on the pleadings with regard to Counts 3, 4, and 5.

### C. State Law Claims

Having dismissed all of the counts over which this court had original jurisdiction, I decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3); *Gibson v. Weber*, 431 F.3d 339, 342 (8th Cir. 2005). In determining whether to exercise supplemental

jurisdiction, I must weigh the principles of judicial economy, comity, fairness, and convenience. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "Where, as here, resolution of the remaining claims depends solely on a determination of state law, the Court should decline to exercise jurisdiction." *Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (quoting *Farris v. Exotic Rubber and Plastics of Minn., Inc.*, 165 F. Supp. 2d 916, 919 (D. Minn. 2001)). Whitehead claims that he will be unduly prejudiced by this decision, as he may lose his appointed counsel. There is no constitutional or statutory right to appointed counsel in civil proceedings. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). This is therefore insufficient to overcome the fact that only state law claims remain. I will grant Garrett's motion for judgment on the pleadings with regard to Counts 6–9.

## II. Plaintiff's Motion to Amend, to Join Additional Parties, and to Set Aside a Previous Order

Federal Rule of Civil Procedure 16(b) guides pretrial scheduling orders, and provides that "the scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(3)(A). Furthermore, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Because Whitehead filed his motion nearly ten months after the established scheduling deadline for amending

pleadings and joinder of additional parties, I will apply the Rule 16(b) good-cause standard in deciding his motion. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

*A.    Amending the Complaint and Joining Goodson and Hunter*

Whitehead moves to amend his complaint, and to increase the amount of damages pled to include the $40,000 allegedly taken from his home. He also moves to join Goodson and Hunter, two former members of the Board of Police Commissioners, as defendants. Whitehead argues that there is both good cause and "excusable neglect" for his delay in filing the motion, citing the fact that although Sewell was appointed as Whitehead's counsel in July of 2010, Whitehead was incarcerated until January or February of 2011.[1]

This does not constitute good cause. The deadline for amending pleadings and joining parties was December 17, 2010. Whitehead was released from prison that same month. While some short delay may have thus been excusable, Whitehead offers no other explanation for the ten-month interim that passed

---

[1] As defendant correctly points out, in Sewell's March 30, 2011 motion to withdraw (Docket No. 46) he states that Whitehead was released from incarceration "[i]n or about December of 2010," and not January or February of 2011, as now argued.

between the deadline and the filing of this motion. Furthermore, this motion was filed eighteen months after my order dismissing the parties and stating that the full $40,000 was not at issue. Whitehead was clearly aware of these issues, and has offered no explanation as to why they could not have been raised sooner.

B. *Rejoining Jackson and Robinson*

Whitehead moves to rejoin defendants Terrell Robinson and Maurice Jackson, both of whom were dismissed by my June 11, 2009 order. The motion is brought under Federal Rule of Civil Procedure 60(b)(6), which allows the Court to relieve a party from a final judgment for "any . . . reason that justifies relief." Such relief can only be granted with regard to a final judgment. *See In Re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007). An order dismissing a complaint against some but not all defendants is not a final order. *Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992) (citing *Bullock v. Baptist Mem. Hosp.*, 817 F.2d 58, 59 (8th Cir. 1987)). Therefore, Rule 60(b)(6) does not apply. Because the order dismissing Jackson and Robinson is not final, however, I retain jurisdiction to vacate it. *See, e.g., Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985). I dismissed Jackson and Robinson as defendants because Whitehead's complaint failed to state a claim against them upon which relief could be granted. Whitehead has not provided any new information as to these parties, but simply asks that I reconsider

my earlier decision. The charges against Jackson and Robinson fail for the same reason identified in my earlier order – Whitehead does not allege any facts that show they were involved in his arrest – and thus I will not vacate that order dismissing them as defendants.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for judgment on the pleadings [#56] is granted. A separate order of dismissal is entered this same date.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend/correct [#71] is denied.

**IT IS FURTHER ORDERED** that the parties' joint motion to extend discovery [#81] is denied as moot.

**IT IS FURTHER ORDERED** that the Court declines to issue supplemental jurisdiction over Counts 6–9 and they are dismissed without prejudice.

_/s/ Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of January, 2012.