UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES WHITEHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV483 CDP |
| | ) | |
| BOBBY LEE GARRETT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff James Whitehead brings this action under 42 U.S.C. § 1983,

alleging that defendant Bobby Lee Garrett, a former City of St. Louis police

officer, unlawfully arrested him, searched him and his home, and took his

property.  I previously granted defendant's motion for judgment on the pleadings.

Pending before me is a motion to amend or alter my judgment, or in the

alternative, a motion for relief from judgment.  For the reasons that follow, I will

deny the motion.

## Background

Whitehead was charged in this court with possession with intent to

distribute crack cocaine.  Case No. 4:06CR656 HEA.  On December 7, 2006, he

signed a plea agreement which stated in part, "The defendant agrees to forfeit all

of the defendant's interest in all items seized by law-enforcement officials during

the course of their investigation and will not contest the forfeiture to law

enforcement of such items."  Docket No. 57-3, at 5.

In the present action, Whitehead alleged in part that defendant Garrett

arrested him without cause, conducted a warrantless search and seizure, and

unlawfully took and kept Whitehead's property.  Garrett filed a motion for

judgment on the pleadings under Rule 12(c), and Whitehead filed a motion

seeking leave to amend his complaint.  On January 4, 2012, I granted Garrett's

motion for judgment on the pleadings and denied Whitehead's motion to amend.

Whitehead now moves to alter or amend that judgment under Rule 59(e), Fed. R.

Civ. P., or for relief from that judgment under Rule 60(b)(6), Fed. R. Civ. P.

### Discussion

Under a Rule 59(e) motion to alter or amend a judgment, "the district court

possesses the power to rectify its own mistakes in the period immediately

following the entry of judgment."  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S.

445, 450 (1982).  Rule 59(e) motions "serve the limited function of correcting

'manifest errors of law'" and "cannot be used to introduce new evidence, tender

new legal theories, or raise arguments which could have been offered or raised

prior to the entry of judgment."  *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d

930, 934 (8th Cir. 2006).

Rule 60(b)(6), in contrast, allows the court to relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is only available "where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). Further, "any motion questioning the correctness of a judgment is functionally a Fed. R. Civ. P. 59(e) motion, regardless of how the motion is styled." *Norman v. Ark. Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996). Whitehead's motion will thus be considered under Rule 59(e).

Whitehead argues that I erroneously relied on *Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000), in holding that his fourth amendment claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In my order, I cited *Moore* for the proposition that a successful § 1983 action would not necessarily imply that the plaintiff's conviction was unlawful if the conviction could be upheld by the doctrines of independent source, inevitable discovery, or harmless error. Docket No. 82 at 6. I then held that Whitehead "provided no evidence" to indicate any of these exceptions applied. Whitehead now simply reiterates the conclusory argument that his § 1983 claims do not necessarily imply the invalidity of his guilty plea.

- 3 -

Specifically, Whitehead argues that *Heck* should not bar his claim that

Garrett illegally seized his money, as that part of his claim does not necessarily

imply the invalidity of his guilty plea.   In his complaint, Whitehead alleges that

Garrett took $4000 from his pocket and that Garrett planted the narcotics that led

to Whitehead's arrest.  Whitehead cannot both claim that the drugs were planted

and that the money was illegally seized, without the latter calling into question the

validity of his conviction.  In applying *Heck*, I cannot look to the seizure claim in

isolation, but must look to the actual theory being advanced by the plaintiff.  *See,*

*e.g.*, *Ruffin v. Kane Cnty. Sherriff Dept.*, No. 01C4898, 2006 WL 2088186 at *10

(N.D. Ill. July 21, 2006) (citing *Okoro v. Callaghan*, 324 F.3d 488 (7th Cir.

2003)).  *See also Wells v. King*, 232 Fed. App'x 148, 149 (3rd Cir. 2007).  As

discussed, the actual theory being advanced by Whitehead clearly implicates the

validity of his conviction.  I thus find that there was no legal error in my

application of *Heck* to Whitehead's fourth amendment claims, let alone "manifest

error."

Whitehead further argues that I erred in relying on *Williams v. Schario,* 93

F.3d 527, 528-29 (8th Cir. 1996), when holding that his guilty plea foreclosed his

claim for arrest without probable cause.  Whitehead failed to make this argument

in his original opposition to Garrett's motion for judgment on the pleadings,

despite the fact that Garrett cited *Williams* when arguing that the claims were

barred by Whitehead's guilty plea.  A Rule 59(e) motion "cannot be used to . . .

raise arguments which could have been offered or raised prior to the entry of

judgment."  *Metro. St. Louis Sewer Dist.*, 440 F.3d at 934.  Whitehead's new

argument that I should follow two unpublished Eighth Circuit opinions on this

issue is thus improperly raised under his Rule 59(e) motion.[1]

Finally, Whitehead argues that I erred in holding that his takings claim is

barred by the waiver in his guilty plea.  He argues that I must accept as true the

allegation that the seizure of his property was never reviewed by a Missouri

Circuit Court, and therefore Garrett's motion did not dispose of this issue.  In his

plea agreement, Whitehead agreed that he would "forfeit all of [his] interest in all

items seized by law-enforcement officials during the course of their investigation

and will not contest the forfeiture to law enforcement of such items."  Docket No.

57-3, at 5.  As I previously held, any challenge to the taking of his property is

barred by the plain language of the plea agreement.  By simply reiterating his

argument here, and without citing any law to support the proposition, Whitehead

---

[1]Even if the argument were properly raised here, it would fail on its merits.  First, the claim for arrest without probable clause is independently barred by *Heck*, as discussed above. Second, the cases relied on by Whitehead are distinguishable from the case at hand.  In *Thurmond-Green v. Hodges*, 128 Fed. App'x 551, 552 (8th Cir. 2005), the Eighth Circuit held that the civil plaintiff's conviction was not a complete defense to the § 1983 action because he "did not plead guilty to, and was not convicted of, the offense for which he was arrested." *Id.* Here, Whitehead pled guilty to an offense arising from his arrest.  In *Collins v. Bruns*, 195 Fed. App'x 533, 535, the Eighth Circuit held that *Williams* was distinguishable from the case before it because *Williams* dealt with an unlawful arrest while *Collins* dealt with a § 1983 claim for a defective warrant.  I held that Whitehead's guilty plea foreclosed his claim for arrest without probable cause, and thus *Williams* still controls and *Collins* is inapposite.

has failed to show legal error, let alone a "manifest error," as to my dismissal of

the takings claim.

Accordingly,

**IT IS HEREBY ORDERED** that Whitehead's motion to amend or alter

judgment, or for relief from judgment [#84] is denied.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of September, 2012